IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

SIDDEEQ HENRY,
    Plaintiff,
  v.                                 Case No. 3:22-cv-196-KAP
CHRISTIAN SMITH, Warden, Cambria County
 Prison, *et al.*,
    Defendants

## Memorandum Order

Plaintiff Henry was confined at the Cambria County Prison on August 14, 2022, when he assaulted a corrections officer. After Henry was placed in a cell with a camera that allowed officers to monitor Henry and placed on a diet of "food loaf" not requiring utensils, Henry went on a hunger strike and also smeared his feces on himself, the cell window, and the in-cell camera. Henry eventually pleaded guilty to assault by a prisoner in violation of 18 Pa.C.S.§ 2703(a)(3) and was sentenced on March 7, 2023, to a 42-120 month term of imprisonment.

Henry, meanwhile, filed a complaint dated October 25, 2022, against seven employees at the Cambria County Prison: Smith, Fox, Oshenrider (Ochenrider), Frontino, Rozum, Descavage (Descavish), and Wolford, claiming that defendants were liable for placing him in an unsanitary and cold cell with a camera and placing him on a diet of "food loaf." I ordered the complaint to be served, and defendants filed an Answer on February 14, 2023.

On March 17, 2023 (that is, more than 21 days later) plaintiff submitted a proposed amended complaint, seeking to add ten new defendants: Kerr, Nathan, Wachs, Appley, Anderson, Warner, Davis, Morgert, Alexander, and Plummer. Kerr and Nathan are medical personnel who allegedly failed to provide satisfactory medical treatment, ¶¶ 68-72, 84; Wachs is a corrections officer who allegedly called plaintiff a "snitch" for filing grievances, ¶¶ 73-76, 85-86; the other seven defendants were corrections officers who escorted plaintiff to the medical unit on August 15, 2022, the day after the assault, when plaintiff declared he was going on a hunger strike. ¶¶ 37, 43, 51, 80. (The exhibits to the Answer agree that on that date Henry was taken to the medical unit to see a psychiatrist. ECF no. 14-1 at 16.) Their alleged violation was that they moved plaintiff when he was wearing only a paper gown, and their failure to change his clothes led to his "private areas" being observed.

I interpret the proposed amended complaint as including a motion to amend.

1

Fed.R.Civ.P. 15(a)(2) requires leave of court for the amendment, which should be freely given when justice requires. However, despite plaintiff's conclusory claim that medical personnel "ignored" his sick calls, plaintiff's chronology makes it clear that medical treatment was provided to him, including for his mental health issues, ¶54, and his alleged foot fungus ¶57. Plaintiff's assertion that not every complaint he made subsequently to these two medical personnel was responded to immediately and satisfactorily states no claim, because the allegations do not plausibly allege either his serious medical need or their deliberate indifference.

As for Wach's calling plaintiff a "snitch," that allegedly resulted only in the other inmates also calling him a "snitch." (I put the term in quotes because as plaintiff uses the term Wachs apparently was upset that plaintiff was filing grievances against corrections officers, ¶74, which is not what a "snitch" is in prison parlance.) That fails to state a claim for retaliation because there was no meaningful adverse action, the second element of a First Amendment retaliation claim.

The seven defendants who escorted Henry on August 15, 2022 violated no right of his: the limited Fourth or Fourteenth Amendment privacy rights that an inmate retains after Hudson v. Palmer, 468 U.S. 517 (1984) and Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington, 566 U.S. 318 (2012) do not include the right not to be seen naked by other persons. *And see* Oliver v. Scott, 276 F.3d 736, 746n.18 (5th Cir. 2002)(listing cases approving of cross-sex surveillance).

I am required to consider a defendant's immunity at any time. Qualified immunity protects all defendant government officials except those who are "plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986), and the law must be so sufficiently clear that every reasonable official would have understood, beyond debate, what that official did violates a plaintiff's rights. Ashcroft v. al-Kidd, 536 U.S. 731, 741 (2011). That is not the case here: each one of Henry's three proposed claims requires an extension or reversal of settled law.

Finally, the gravamen of the original complaint is Henry's allegations that the conditions in his cell after August 14, 2022 were unconstitutional. Fed.R.Civ.P. 20(a)(2) permits joinder of claims when they arise out of the same series of occurrences (subsection (A)) and "any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2)(B).  The claims Henry proposes to add - a medical care claim, a retaliation claim, and a privacy claim - do not share any common question of law with that claim, and the only common fact is that they all involve Henry.

The interests of justice do not require the addition of claims doomed to be

dismissed for misjoinder or for failure to state a claim. This is not a dismissal of those claims and denying amendment does not mean that Henry cannot bring them, just that he cannot bring them in this suit. As the above discussion suggests, he should amend them because as presented they do not state claims. If Henry wishes to pursue the claims he proposed to add against the defendants he proposed to add, he may do so in a separately filed complaint or complaints at any time before the statute of limitations runs. The proposed amended complaint will be disregarded in this suit.

As for the parties that are in this matter as a result of the original Complaint, the pretrial schedule is as follows:

1. Motions, other than those mentioned in ¶2 and ¶3 below, shall be accompanied by a memorandum of law and responded to within twenty days.

2. Discovery shall be completed by September 30, 2023. Discovery motions should succinctly state the matter in dispute and need not be accompanied by any memorandum of law; discovery motions shall be responded to within five days. Absent order to the contrary, the filing of a motion to dismiss or motion to compel discovery shall not stay discovery.

3. Motions for summary judgment shall be filed on or before October 31, 2023. Motions shall be responded to by the opposing party within thirty days.

4. If no summary judgment motion is filed the pretrial statement of plaintiff shall be filed on or before November 30, 2023, and the pretrial statement of defendants shall be filed on or before December 31, 2023.

DATE: March 27, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Siddeeq Henry 23-0056
Somerset County Prison
127 E. Fairview St.
Somerset, PA 15501