IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIDDEEQ HENRY,                     :
        Plaintiff           :
       v.                : Case No. 3:22-cv-196-KAP
WARDEN CHRISTIAN SMITH, *et al.*,  :
        Defendants    :

<u>Memorandum Order</u>

Plaintiff Henry was confined at the Cambria County Prison on August 14, 2022, when he assaulted a corrections officer. After Henry was placed in a cell with a camera that allowed officers to monitor Henry and placed on a diet of "food loaf" not requiring utensils, Henry went on a hunger strike and also smeared his feces on himself, the cell window, and the in-cell camera. This caused corrections officers to have Henry's cell cleaned. It also caused corrections officers to put Henry in a restraint chair for approximately three hours on August 16, 2022, after which the feces spreading stopped. Henry was allowed to shower and was regularly seen by medical personnel. He was for eight days in cells subject to constant illumination and more or less constant observation; he was given a paper gown to wear, but no shoes.

Henry eventually pleaded guilty to assault by a prisoner in violation of 18 Pa.C.S.§ 2703(a)(3) and was sentenced on March 7, 2023, to a 42-120 month term of imprisonment. He filed a complaint dated October 25, 2022, against seven employees at the Cambria County Prison: Smith, Fox, Oshenrider (Ochenrider), Frontino, Rozum, Descavage (Descavish), and Wolford, claiming that defendants were liable for placing him in an unsanitary and cold cell with a camera and placing him on a diet of "food loaf." After service this became a consent case. I subsequently denied a motion by Henry to add claims and defendants, without prejudice to Henry filing another complaint. ECF no. 18. Henry has not done so.

This matter proceeded to the close of discovery and defendants filed a motion for summary judgment at ECF no. 30. Henry sought and was granted additional time to review the video camera evidence submitted by defendants, making his response to the motion for summary judgment due at the end of March 2024. Henry did not reply to the motion, nor has he asked for additional time to do so.

A motion for summary judgment cannot be granted solely for a failure to file a timely reply: the Court has an independent duty to examine the motion to determine whether the parties seeking summary judgment has discharged their initial responsibility of informing the district court of the basis for their motion and identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material

fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Defendants' motion does that. Accordingly, Henry must "go beyond the pleadings and ... designate specific facts showing that there is a genuine issue for trial." *Id.*, 477 U.S. at 323. He has not done that. It is not necessary to discuss qualified immunity because this is not a close case.

The duty to comply with an order to oppose a motion for summary judgment applies in full force to *pro se* litigants, *see* <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013) (noting that with two exceptions not relevant here *pro se* litigants "must abide by the same rules that apply to all other litigants"), and it is settled law that an issue is waived unless a party raises it in timely fashion. Even when a brief is filed, a passing reference to an issue does not suffice to bring that issue before the court. *See e.g.,* <u>Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.</u>, 26 F.3d 375, 398 (3d Cir. 1994); <u>Brown v. Wayne County</u>, No. 22-1506, 2023 WL 3376547, at *1 n.4 (3d Cir. May 11, 2023), *cert. dismissed sub nom.* <u>Brown v Pennsylvania</u>, No. 23-5092, 2023 WL 6379041 (U.S. Oct. 2, 2023). Henry's failure to oppose the motion for summary judgment means that there is no dispute as to the defendants' factual history of this matter, including Henry's factual responsibility for any injury he could prove he suffered due to his spreading of his own feces on himself (defendants do not separately address the causation difficulties with Henry's claim that the only physical injury he claims - his foot fungus - was caused by defendants, so I will not either), the lack of personal involvement of defendants Smith, Rozum, Descavish, Wolford, and Frontino, and the lack of injury from the penologically reasonable restraints on Henry (including the use of utensil-less food loaf, paper clothing, restraint chair, lighting, and camera surveillance). There is also no dispute that Henry has no standing for declaratory and injunctive relief based on claims for alleged past injuries.

The record justifies the entry of judgment against Henry on all claims and all defendants. A district court is not required to forage the record to make a party's case for him. <u>Scott v. Vantage Corp.</u>, 845 Fed.Appx. 170, 179 (3d Cir. 2021), *citing* <u>Carmen v. S.F. Unified Sch. Dist.</u>, 237 F.3d 1026, 1029 (9th Cir. 2001)(in turn quoting <u>Forsberg v. Pacific N.W. Bell Tel. Co.</u>, 840 F.2d 1409, 1418 (9th Cir. 1988)) and <u>Herman v. City of Chicago</u>, 870 F.2d 400, 404 (7th Cir. 1989). It is worth quoting the cited Ninth Circuit case at some length:

[R]equiring the district court to search the entire record, even though the adverse party's response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair. The cases often refer to the unfairness to the district court, which is substantial, but hardly the full story. If a district court must examine reams or file cabinets full of paper looking for genuine issues of fact, as though the judge were the adverse party's lawyer, an enormous amount of time is taken away from other litigants. Other litigants could have that judicial time, and get their cases resolved better and faster, if the district court could

limit examination to the materials submitted in opposition to the summary judgment motion.

Requiring the district court to search the entire record for a genuine issue of fact, even though the adverse party does not set it out in the opposition papers, is also profoundly unfair to the movant. The gist of a summary judgment motion is to require the adverse party to show that it has a claim or defense, and has evidence sufficient to allow a jury to find in its favor on that claim or defense. The opposition sets it out, and then the movant has a fair chance in its reply papers to show why the respondent's evidence fails to establish a genuine issue of material fact. If the district court, or later this court, searches the whole record, in practical effect, the court becomes the lawyer for the respondent[.]

Carmen v. San Francisco Unified Sch. Dist., 237 F.3d at 1031.

The motion for summary judgment is granted as to all defendants. The Clerk shall mark this matter closed.

DATE:   August 5, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Siddeeq Henry QP6162
S.C.I. Pine Grove
189 Fyock Road
Indiana, PA 15701